IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, a/s/o MICKEY LANGLEY, <br><br> Plaintiff, <br><br> v. <br><br> JASON ELKINS and DEPARTMENT OF THE UNITED STATES ARMY, | ) ) ) ) ) ) ) ) Civil Action No.: 2:07-CV-761-MHT ) ) ) ) ) |

## UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the United States relies upon the following grounds:

1. Plaintiff, Cotton States Mutual Insurance Company as subrogee of Mickey Langley, brings tort claims against Defendant Jason Elkins and the U.S. Army arising from an automobile accident that occurred on or about April 29, 2005. *See* Complaint, Count 1.

2. Defendant Elkins is a Staff Sergeant (SSG) on active duty in the United States Army.

3. The United States Attorney has certified that SSG Elkins was acting within the scope of his federal office or employment as a non-commissioned officer (NCO) at the time of the accident giving rise to plaintiff's claim. *See* Scope-of-Employment Certification, Exhibit 2 to Notice of Removal and Substitution filed herewith. The Attorney General's scope-of-employment certification has the effect of removing this action from State court and substituting the United States as party Defendant for SSG Elkins. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

4. Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

5. This Court lacks subject-matter jurisdiction because Plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an administrative claim must first be presented to and denied by the appropriate federal agency. *Id.* The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237

(11th Cir. 2002). The Supreme Court has made is absolutely clear that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil,* 508 U.S. at 112.

6. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

7. Plaintiff has not filed an administrative claim with the United States Army or any other federal agency. Accordingly, this Court lacks subject-matter jurisdiction.

8. In addition, the "Department of the U. S. Army" is not a proper party Defendant in this action. An action against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of federal agencies or employees. 28 U.S.C. § 2679 (a); (b)(1). "It is beyond dispute that the United States and not the responsible agency or employee is the proper party Defendant in a Federal Tort Claims Act Suit." *Galvin v. OSHA,* 860 F.2d 181, 183 (5th Cir. 1988). "A FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's claim against the Department of the Army.

9. This action should also be dismissed pursuant to Rule 12 (b)(5) for insufficiency of service of process. Plaintiff completely failed to serve SSG Elkins in the State court action. In addition, he has not served the United States Attorney or the Attorney General as required by Rule 4 (I).

**WHEREFORE**, Plaintiff's claim against SSG Jason Elkins, the Department of the Army, and the United States should be dismissed in their entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 24th day of August, 2007.

> LEURA G. CANARY
> United States Attorney
>
> By: /s/ Stephen M. Doyle
> STEPHEN M. DOYLE
> Chief, Civil Division
> Assistant United States Attorney
> Attorney for Defendants
> Post Office Box 197
> Montgomery, AL 36101-0197
> District of Columbia Bar No. 422474
> Telephone No.: (334) 223-7280
> Facsimile No.: (334) 223-7418
> E-mail: stephen.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing United States' Motion to Dismiss upon the attorney of record by mailing a copy of same, first class, postage prepaid, addressed as follows:

> Britt Batson Griggs, Esquire
> PARNELL & CRUM, P.A.
> P.O. Box 2189
> Montgomery, AL 36102

Dated this 24th day of August, 2007.

> /s/ Stephen M. Doyle
> Assistant United States Attorney